ALBANY,
August, 1810.

LEISPENARD
v.
BAKER.

---

## LEISPENARD *against* BAKER.

GARDINIER, for the defendant, moved to set aside the default entered in this cause, for want of a plea, and all subsequent proceedings, on the ground of irregularity.

From the affidavits which were read, it appeared that a copy of the declaration (which had been filed *de bene esse*) and notice of the rule to plead, were served on the defendant, personally, on the 12th of *May*, (no notice of any attorney being employed having been received.)

On the 1st of *June*, the plaintiff's attorney informed the bail to the sheriff, that unless *special bail* was put in, before the 8th of *June*, the bail-bond would be put in suit, and was answered, that bail was filed. On searching the clerk's office, the plaintiff's attorney found, that the special bail-piece had been filed, on the 28th of *May*; and on the 4th of *June*, he entered a default for want

Where the notice of a rule to plead, with a copy of the declaration was served on the defendant, personally, on the 12th of *May*, and special bail was filed on the 28th of *May*, but no notice thereof or of the retainer of an attorney, was given to the plaintiff's attorney, until the 6th of *June*; and a default was entered on the 4th of *June*, for want of a plea; it was held, that the default was regularly entered. The notice of appearance is for the benefit

of the plaintiff's attorney, and may be waived by him. It is sufficient, under the 7th rule, of *April* term, 1796, that the defendant, though the rule for pleading has expired, has 4 days after bail is actually filed, before his default is entered.

LEISPENARD
v.
BAKER.

of a plea.   On the 6th of *June* he received notice of a retainer, and of special bail, from the defendant's attorney.

*Johnson* and *Hopkins*, contra.

*Per Curiam.*   The declaration and rule to plead were served on the defendant, personally, (no attorney being employed,) on the 12th of *May*; and the 20 days had expired, when the default was entered, and bail was in. *Notice* of bail had not been given; but the rule requiring notice, is for the benefit of the plaintiff; it does not lie in the mouth of the defendant to object that the plaintiff has waived the necessity of formal notice.   This is a case in which the plaintiff went on to a default, before any attorney was employed, or what is the same thing, before notice was received of any attorney being employed for the defendant.   There is nothing irregular in the proceeding on the part of the plaintiff, unless *notice of bail* was indispensable, under the 7th rule of *April*, 1796; but this is not a necessary construction of that rule, at least, in this particular case.   The rule declares, that default shall not be entered, "if special bail is required in the cause, and although 20 days from the service of the notice of the rule to plead may have expired, until 5 days after notice of bail shall have been received."   The object of the rule is answered if 4 days of grace are given to the party, from the time of his appearance.   Those 4 days were to be secured to him, at all events; but this does not prohibit the plaintiff from dispensing with *notice* of that appearance.   If the defendant has his 20 days to plead, after the service of the declaration and rule, and 4 days after he files the bail, he cannot complain.   The 4 days here began to run from the entry of the special bail on record, which was on the 28th of *May*; and as the default was not entered until the 4th of *June*, the plaintiff was regu-

lar, and there being no affidavit of merits, the motion must be denied.

Motion denied.